

RECEIVED
3/3/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| HELEN ALLEN,<br><br>Plaintiff,<br><br>v.<br><br>KEITH HUNT (HUNT & ASSOCIATES)<br><br>Defendant. | Case No.<br><br>Judge<br><br>1:25-cv-02275<br>Judge John J. Tharp, Jr<br>Magistrate Judge Heather K. McShain<br>Randomly Assigned Cat 2 BC |

## COMPLAINT FOR LEGAL MALPRACTICE

### I. PARTIES

1. Plaintiff, Helen Allen, is an individual residing in Suffolk, Virginia.

2. Defendant Keith L. Hunt is an attorney licensed in Illinois, with principal place of business at 2275, Half Day Road, Suite 126, Bannockburn, IL, 60015.

### II. JURISDICTION

3. This Court has jurisdiction under 28 U.S.C. § 1332(a)(1). Federal Diversity Jurisdiction exists as Plaintiff is a citizen of Virginia and Defendant is a citizen of Illinois. Further, amount in controversy exceeds $75,000, exclusive of interest and costs.

### III. VENUE

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1)-(2). Defendant resides in this district and events giving rise to this action occurred in this district.

1

## IV. FACTUAL ALLEGATIONS

5. Defendant represented Plaintiff in a suit against Ford Motor Company for Discrimination, Sex Harassment, Retaliation, Assault, Battery, Age Discrimination and Intentional Infliction of Emotional Distress under an attorney-client relationship.

6. Defendant, under Illinois Rule of Professional Conduct 1,1, owed Plaintiff a duty to provide competent representation.

7. Defendant breached this duty by misleading Plaintiff on a suit that was initiated on the basis of her claims.

8. Attorney Hunt without Plaintiff's approval removed her as lead Plaintiff claiming it was a court error, and in desperation for class certification added four new Plaintiffs as lead. Some of whom did not go through proper EEOC process.

9. While twenty-six co-plaintiffs were added upon filing, Defendant did not inform Plaintiff that her lawsuit will be delayed. That she must wait for new victims' filings to go through the system.

10. While Plaintiff recruited four women, she was led to believe that the new victims would have a case of their own (not *Allen v. Ford Motor Company* 14-08708 ).

11. Defendant, driven by self gain shifted focus of claims from Retaliation and Discrimination to Sex Harassment and Hostile Work Environment. Plaintiff at different points of proceedings requested to be removed from the group in order to focus on her own claims. Defendant, however, refused. Stating that Defendant is better off with the group. When in reality other Plaintiffs were piggybackers who needed the presence of Plaintiff to bolster their claims.

12. Plaintiff, at different times, via email, and phone calls, requested termination of representation by attorney Hunt, he refused.

2

13. More importantly, Defendant failed to update Plaintiff on proceedings in violation of Rules of Professional Conduct 1.4, which obligates an attorney to communicate, inform, consult and comply with a client on matters relating to his/ her case.

14. As a direct result of Defendant's breach, Plaintiff suffered financial and legal harm, case dismissal, monetary loss, undue stress, and ballooned legal fees/ expenses.

## V.     CAUSES OF ACTION

### COUNT I – LEGAL MALPRACTICE (NEGLIGENCE)

15. Plaintiff incorporates paragraphs 1-14 as if fully set forth herein.

16. According to 735 ILCS 5/13-214.3(b) an action for damages based on tort or otherwise may be brought against an attorney for an act of omission that results in the process of representation.

17. Relatively, an attorney-client relationship exists between Plaintiff and Defendant, and Defendant breached duty of care, and breach is proximate cause of harm suffered by Plaintiff.

18. Defendant breached duty of care by ignoring Plaintiff's request to be removed from Class Action suit (**Exhibit A-B**).

19. Defendant furthermore breached duty of care by failing to heed Plaintiff's directive that he cease representation if he could not represent her on the merits of her claims alone, i.e., without seeking to forcefully keep her in Class Action.

20. Plaintiff did not hire Defendant to file a class action, but rather to initiate action for her claims alone.

21. Further, Defendant breached duty of care by failing to withdraw services when Plaintiff insisted he do so. Plaintiff instructed Defendant to inform the courts and her employer (Ford) that he no longer represents her once Class Certification was granted or denied (**Exhibit E** at 2-4).

22. As a direct result of Defendant's breach and negligence, Plaintiff suffered damages in excess of $75,000.

## COUNT II - BREACH OF FIDUCIARY DUTY

23. Plaintiff incorporates paragraphs 1-22 as if fully set forth herein.

24. Attorneys owe clients a fiduciary duty of loyalty and good faith. Defendant breached this duty by engaging in self dealing, i.e., he elevated monetary gains over Plaintiff's claims and introduced Plaintiffs who did not have enough violations for EEOC investigation (**Exhibit C** at 1).

25. Defendant used Plaintiff's claims to anchor for Class Certification.(**Exhibit G** at 2).

26. Further, Defendant breached fiduciary duty of loyalty and good faith by failing to disclose material information. He failed to proffer an option to sign up for the conciliation process (**Exhibit F**).

27. Defendant advised against Plaintiff's access to a fund that was established on the basis of her claims. *Id*.

28. Furthermore, Defendant withheld Conciliation Claim forms and selfishly advised Plaintiff to refrain from filling out form because it will be detrimental to class action suit (**Exhibit F).**

29. Defendant's breach caused Plaintiff substantial financial loss.

## COUNT III – VIOLATION OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT (815 ILCS 505/1, et seq.)

30. Plaintiff incorporates paragraphs 1-29 as if fully set forth herein.

31. Under 815 ILCS 505/2, it is unlawful for any person to engage in unfair or deceptive acts or practices in trade or commerce.

32. Defendant, engaged in deceptive business practices by refusing to provide an itemized bill, after both parties agreed to this billing method.

33. Defendant wants Plaintiff to pay full amount on an estimated bill, while co-plaintiff who left the group five months before Plaintiff was asked to pay a lesser disputed amount of $70,0000.

34. Defendant cannot itemize or explain why Plaintiff owes more than her co-plaintiffs (**Exhibit H**).

4

35. Accordingly, concealing itemized breakdown of fees, preventing Plaintiff from verifying charges, and charging Plaintiff a higher amount than other co-plaintiffs without explanation caused Plaintiff to suffer loss of trust in legal counsel and undue stress from unexplained legal expenses

## A. COUNT IV- FRAUDULENT CONCEALMENT OF BILLING (735 ILCS 5/13-215)

36. Plaintiff incorporates paragraphs 1-35 as if fully set forth herein.

37. Defendant knowingly refused to provide an itemized bill, concealing material facts regarding the fees charged.

38. Plaintiff later discovered that co-plaintiffs were charged less, and that she was unfairly overbilled **(Exhibit H)**.

39. As a result, Plaintiff suffered undue stress from undisclosed and excessive legal fees.

## B. FRAUDULENT CONCEALMENT OF OPT-OUT RIGHTS IN CLASS ACTION (735 ILCS 5/13-215)

40. Defendant misrepresented and concealed from Plaintiff that she has the right to independently pursue her claims without being part of Class Action **(Exhibit F)**.

41. Defendant prevented Plaintiff from potentially securing a favorable outcome.While allowing another co-plaintiff, Grant Morton, to be separated a day after Ford filed Partial Motion to Dismiss. (case number 1;14 cv 8708). Grant Morton later boasted that he was awarded two million dollars.

42. Defendant's concealment deprived Plaintiff of an informed choice, resulting in financial losses and lost legal opportunities.

43. Plaintiff's claim is timely under 6-year statute of repose (735 ILCS 5/13-214.3(c)), More so, Under 735 ILCS 5/13-215, the statute of limitations is tolled due to Defendant's fraudulent concealment.

44. As a result of Defendant's fraudulent concealment, Plaintiff suffered loss of access to legal remedies.

## C. FRAUDULENT CONCEALMENT OF CO-PLAINTIFFS STATUS AND EEOC PROCESS

45. Further, Defendant concealed the fact that some co-plaintiffs did not have enough violations for EEOC investigation. Which in effect put Plaintiff and her claims at serious disadvantage.

46. Though twenty-six co-plaintiffs were added upon filing, Defendant failed to inform Plaintiff that her lawsuit will be delayed, that she must wait for new victims' filings to go through the system.

47. While Plaintiff recruited four women, she was led to believe that the new victims would have a case of their own (not to be added to *Allen v. Ford Motor Company* 14-08708 ).

48. Plaintiff was unaware of co-plaintiffs' status, this information was withheld to her detriment, causing significant financial and legal harm.

## COUNT V-BREACH OF CONFIDENTIALITY (WRONGFUL DISCLOSURE OF MEDICAL RECORDS) AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

49. Plaintiff incorporates paragraphs 1-48 as if fully set forth herein.

50. Defendant, as attorney, pursuant to the Illinois Rules of Professional Conduct 1.6, owed Plaintiff a fiduciary duty of confidentiality (to not disclose client's information without consent).

51. Defendant breached this duty by negligently and recklessly disseminating Plaintiff's confidential medical, financial, and personal information to co-plaintiffs and former co-plaintiffs (**Exhibit I**), in violation of Illinois Personal Information Protection Act (815 ILCS 530, Improper Handling of Personal Data).

52. As a direct and proximate result of Defendant's wrongful disclosure, Plaintiff suffered emotional distress and mental anguish, affecting her daily life and well being.

53. Defendant's conduct constitutes professional negligence and breach of fiduciary duty, entitling Plaintiff to damages.

## VI.    RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

1.   Enter judgment against Defendant for Fraudulent Concealment and failure to disclose legal options and award Compensatory Damages in favor of Plaintiff in an amount to be determined at trial.

2.   Award Consequential Damages for loss of potential legal claims and adverse financial consequences resulting from Defendant's actions.

3.   Award punitive damages, due to Defendant's recklessness and willful misconduct.

4.   Grant court costs under 815 ILCS 505/10a(c) (Consumer Fraud Act).

5.   Award any other relief the Court deems just and proper.

## VII.    JURY DEMAND

Plaintiff demands a trial by jury on all issues triable.

**Dated:** _March 1_____, 2025

Respectfully submitted,

_Helen Allen_

Helen Allen
9630 Pineview Road
Suffolk, Virginia 23437

7

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| HELEN ALLEN, | Case No. |
| Plaintiff, | Judge |
| v. | |
| KEITH HUNT (HUNT & ASSOCIATES) | |
| Defendant. | |

## EXHIBITS

**Exhibit A-**Plaintiff Requesting to Be Removed From Class Action
**Exhibit B-**Plaintiff Complaining About Progression of Suit
**Exhibit C-** Plaintiff Complaining about Co-Plaintiffs without Strong Claims
**Exhibit D-** Further Request to be removed from Class Action/ and Defendant Discussing Merits of other Co-Plaintiffs' Case With Others
**Exhibit E-**Defendant Refusing to Acknowledge and Inform the Court that He No Longer Represents Plaintiff.
**Exhibit F-**Defendant Advising Against Filling Out Forms For Conciliation Application
**Exhibit G-**Defendant Begging Plaintiff to Stay on Class Action
**Exhibit H-**Discrepancy in Billing, No Itemization
**Exhibit I-**Unlawful Dissemination of Plaintiff's Medical, Financial, and Personal Information

# EXHIBITS

 Gmail          # Exhibit A              Helen Allen <wintressssa@gmail.com>

---

## Ford and Your Obkligations as a Class Representative

4 messages

---

**Keith Hunt** <khunt@huntassoclaw.com>                         Wed, Mar 14, 2018 at 10:16 AM
To: "Helen (wintresssssa@gmail.com)" <wintresssssa@gmail.com>

Helen:

Please do not discuss any other plaintiff with anyone. Nor should you be discussing your
perception of the merits of their claims. This can cause serious problems class is an
absolute violation of obligations as a class representative as a representative of the
class, you are duty bound to act in the best interest of every other class member which
necessarily means that you cannot be badmouthing others or expressing your doubts or
personal views on the merits of their claims.

I am informed that you spoke with either Billy or Jeff Bacon and were expressing your
opinions about the merits of the claims of one or more plaintiffs. This must stop.

Please understand we are at a critical juncture in the class certification process and we
cannot afford any conflicts among class members.

Keith L. Hunt

Hunt & Associates, P.C.

55 West Monroe

Suite 3600

Chicago, IL 60603

312-558-1300 office

312-558-9911 fax

khunt@huntassoclaw.com

DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named

above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

---

**Helen Allen** <wintresssssa@gmail.com>             Wed, Mar 14, 2018 at 12:15 PM
To: Keith Hunt <khunt@huntassoclaw.com>

Can you please have Billy or Jeff confirm our conversations???

Sent from my iPhone
[Quoted text hidden]

---

**Helen Allen** <wintresssssa@gmail.com>             Wed, Mar 14, 2018 at 5:31 PM
To: Keith Hunt <khunt@huntassoclaw.com>

Keith

I have asked you several to remove me from your lawsuit.

Lane has assured me that my WC should be dealt with by the 20th of this month. If Ford has an offer for my job I expect Lane to bring the offer to me, as he is obligated to do. I see nothing beneficial for me to stay involved any longer as a potential Class Representative. What the Class represents and what I think the class should represent differs, so it becomes an uncomfortable situation for me. I don't agree with the shape in which this case a taken.

Yes , I signed the contract that grants you the right to do whatever you choose with the case without consulting or informing me prior. Paragraph 4 is a very clever aspect to the contract. Common folks like ME wouldn't expect for it to be ever implemented.

The problem I have, is with myself, for being that gullible and trusting. It shows the level of my naivety 2 –6-2014 compared to now.

Tell whomever that is reporting to you, that my conversation with Bill and or Jeff Bacon. Is just that my conversation. I didn't discuss the case nor did I share any depositions. Bill and or Jeff chose to discuss their friendships/relationships. I was listening not talking.

On Mar 14, 2018, at 11:16 AM, Keith Hunt <khunt@huntassoclaw.com> wrote:

[Quoted text hidden]

---

**Keith Hunt** <khunt@huntassoclaw.com>                          Wed, Mar 14, 2018 at 6:55 PM
To: Helen Allen <wintresssssa@gmail.com>

I am not sure what your concern is about paragraph four we are bringing in more lawyers to help – that
helps you – I'm not pulling out of the case and I'm not passing it off to somebody else I am bringing in
additional guns to help us fight Ford – and that all comes out of my pocket. Not yours. So I'm really not sure
what the concern is.

Sent from my iPhone
[Quoted text hidden]

From: **Keith Hunt** khunt@huntassoclaw.com
Subject: **RE: Access to public (open) court proceedings**
Date: **Mar 1, 2019 at 9:32:56 AM**
To: **Helen Allen** wintressssa@gmail.com, **aromanucci@rblaw.net**

Helen:

# Exhibit B

When we last spoke you agreed to remain until class certification is decided. The last brief is due March 13.

Please honor your agreement to remain on the case until class certification is decided. If you contact the Judge or leave the case now it will signal a conflict in the class or among the class members or class reps and will hurt the class and the other women. You promised me you would stay until then. Please honor that promise and uphold your fiduciary obligation to the other women. I do not understand why you insist on harming the class or other women.

Hold on a few more weeks and lets see where we end up please.

Keith L. Hunt
Hunt & Associates, PC
55 West Monroe
Suite 3600
Chicago, IL 60603
312-558-1300 office
312-558-9911 facsimile

-----Original Message-----
From: Helen Allen <wintressssa@gmail.com>
Sent: Friday, March 1, 2019 8:22 AM
To: aromanucci@rblaw.net; Keith Hunt <khunt@huntassoclaw.com>
Subject: Access to public (open) court proceedings

Keith
Anthony


I'm not sure why you are not willing to assist in allowing me to have access to the court proceedings.
I have read the rules for both of the judges and none of their rules and procedures prohibit me, the plaintiff, from being conferenced in. I contacted the help desk and was told the process.

This is my second request. I don't understand why you are saying and doing what you are doing. I was advised to contact the ADRC and lodge a formal complaint against my counsel.

If I must drive to Chicago on Monday to be involved in the procedures scheduled for the case. You need to be prepared to answer to my concerns that I will bring before the judge. If the case is further delayed as it was the last time I drove, I will stay in Chicago until I can approach Judge Dow.
I'm not sure how pleased he would be knowing that I have asked many times to be off this case and released from your representation.

Also if my statutes of limitations have exhausted I need other eyes to see my case file and to determine what was done and what possibly should have been done. My release is critical for me, having any claims for my rights to be fully enforced. I filed in 2014 and you said we would be done in 2-3 years. Feb made my time with you of 5 years and you have orchestrated everything about this case without any input from me. I have not agreed to delays and was appalled when the additional women were added to the original 4 in 2015.
 Also when the other counsel joined the team you didn't think enough of me your first client to inform me. I informed you 3 weeks after the fact and pushed you to inform the other ladies.
You have been very inconsiderate of the needs and feelings of many of my co

plaintiffs.  Yes, their are many others who want to leave with me because of this.

I plan on seeing you and the judge on Monday.  If court is delayed or postponed it will not deter my actions/intentions.  You asked for a few months, I have given you those few months.
What I'm reading it's going to be a few more months or years and I'm not willing to stay on board.

Helen Allen-Amos

 **Gmail**

## Exhibit C

Helen Allen <wintressssa@gmail.com>

---

## Power In Numbers
3 messages

---

**Christie Van** <arnice@me.com>                                    Wed, May 13, 2015 at 10:59 AM
To: "KHunt@huntassoclaw.com" <KHunt@huntassoclaw.com>, "Bfaber@huntassoclaw.com"
<Bfaber@huntassoclaw.com>, Jean Culich <JCulich@huntassoclaw.com>
Cc: Terri Lewis-Bledsoe <terri1090@gmail.com>, Maria Price <pricelesssuccess@yahoo.com>,
"levmella@att.net" <levmella@att.net>, Helen Allen <wintressssa@gmail.com>

Keith I think you should have brought in all the women's. Its power in numbers period. I am disappointed because all women's wasn't part of the press conference period. I also feel like I am only a number too you also. I am grateful that all woman has sign up and are strong enough too stand up to this Auto giant. I am concern how my attorney is communicating on this case and conducting day to day business on the case. I hope every women in this email understand that we are one and its power in numbers. Keith I have sent in women's also as client and I just feel like I road the whole way with you in this case. I feel like all the woman deserve the same respect. Maria was blind sided about the press conference and I think that was so unfair to her. Keith we all are human and we all are very emotional about what we have experience in Chicago Assembly each separately and together. I feel like you don't want to bring us all together for some reason. Your first 4 ladies at minimal should have been at lease invite for if nothing else for support for the new ladies coming aboard, we have already experienced a press conference. Every woman in the paper work should have been notified about what's going air on TV. I didn't have to speak but it would have been nice to be there for the other women's that's was there too speak. I don't think because you wanted me to return to Chicago assembly and I took it upon my self to communicate with company and UAW that I didn't want to return to the hunted house. I should be punished by my attorney and not invited to the press conference. Even though I been moved to the stamping. I am still face with sexual harrisment retaliation. Violent Acts by my Co workers. It's a slap in every woman face that's sign on with Hunt Associates what you all did yesterday.

Sent from my iPhone

On May 13, 2015, at 2:16 AM, Helen Allen <wintressssa@gmail.com> wrote:

Keith

I am disappointed that you didn't think enough of me to inform me of the press conference. I'm at work and a co worker tells me to go watch the TV and to my surprise I see my co worker/plaintiff speaking about retaliation. If it were not for me you would not have a case against FORD. You were aware that I was going to be in the downtown area putting charges against the Union at the EEOC office today. It is a slap in the face for you to have Maria represent the original 4 and I was the one who brought her and everyone else to you.

I reached out to you and Brad about some concerns I had in regards to some of the women you have included in the lawsuit. You instructed me to call you on the following Monday 4-13. I called left a message and I am still waiting your call a whole month later. You said you were going to be talking to all of us within the next 2 weeks, I guess I wasn't a relevant factor.

Keith I know that I am only a number to you. The difference that you and I have is this case is an emotional attachment for me and for you it is strictly business. I live the case daily when I walk the plant floor and deal with the harassment, retaliation and people asking for guidance. When I found you to represent Ms. Vann I was grateful that you took her case and wanted to represent us, so I had no problem finding other victims for you. So I recruited, Maria,

Charmella, Terry, Michelle, Grant, Francina, etc, etc and many more that have signed with you. And you don't think enough to even inform me of what direction the case is going in.

I know your goal is quantity, and I prefer quality. Some of the women you have chosen are far below quality. I get it, it is all about business. As I have told you many times it is not about the money for me, it is about the principle. Some you have chose to be clumped in with me are predators themselves, so for them to be victims now is very hypocritical to say the least. This class action strategy leaves a very bad taste in my mouth now that I am hearing the stories of the women you have signed on. Maybe you should have done some background checks before labeling them as victims.

It is not that I would have wanted to be apart of the press conference, it would have been nice to have been given a courtesy email with a heads up. I am still an active daily employee who walk the floors. I get remarks and stares from my colleagues who are not all positive. I am in labor giving statements at least monthly. I am always giving you a heads up of what my intentions are, as I did yesterday but I see being a client I am not awarded the same treatments.

So here is a current heads up, I am going back to the Solidarity House on Monday to protest and I have another apt with EEOC for Tuesday. I am going to invite the other victims who I have sent to EEOC.

As you said when we signed we are dating we aren't married, so if you choose to dismiss me I will totally understand and hold no hard feelings.

When and if you have a settlement offer or court date contact me then, other than that there is nothing we need to discuss the matter is over and done, I know my position and I am sure of yours.

Helen Allen

On Sat, Apr 11, 2015 at 6:43 AM, Keith Hunt <khunt@huntassoclaw.com> wrote:

Helen:

Give me a call Monday morning. Keep in mind that everyone probably has some issue – disciplinary, attendance, personal conduct etc. But the strength of a large number is that the strength of the group is larger than the sum of the individual claims. While they can attack any one person, they cannot attack each and every person. We will be speaking with each person over the next 2 weeks. I will confront her about this and if she has been engaging in conduct detrimental to the class or the group of named representatives then I will consider whether she should be part.

Relax. You're in good hands.

Keith L.Hunt

Hunt & Associates P.C.

Three First National Plaza

Suite 2100

Chicago, IL 60602

312-558-1300 office

312-558-9911 fax

E-MAIL CONFIDENTIALITY NOTICE: This electronic mail message, including any attachments, is for the intended recipient(s) only. This e-mail and any attachments might contain information that is confidential, legally privileged or otherwise protected or exempt from disclosure under applicable law. If you are not a named recipient, or if you are named but believe that you received this e-mail in error, please notify the sender immediately by telephone or return e-mail and promptly delete this e-mail and any attachments and copies thereof from your system. If you are not the intended recipient, please be aware that any copying, distribution, dissemination, disclosure or other use of this e-mail and any attachments is unauthorized and prohibited. Your receipt of this message is not intended to waive any applicable privilege or claim of confidentiality, and any prohibited or unauthorized disclosure is not binding on the sender. Thank you for your cooperation

**From:** Helen Allen [mailto:wintresssssa@gmail.com]
**Sent:** Friday, April 10, 2015 8:07 PM
**To:** Brad Faber; Keith Hunt
**Subject:**

Hello Brad

I did talk to a few if the men who have observed Jeanette being inappropriate. I plan on passing your email address so one of the men can explain her inappropriate behaviors /language.
One statement that she said when she was giving one of her male Behr (equipment) operators a verbal discipline warning was. In this discussion I have the Biggest Dick not you, so since I'm your supervisor my decision is final. When her language was reported to her superior Myron Alexander he shrugged it off as shop talk and the day continued. Jeanette is an opportunistic individual who has not been a fighter for fair and just treatment for the preyed upon in the facility. She is the type of people who perpetrated this treatment, now she wants to play the victim.

This is why I am having a hard time accepting being in a class action with a known harasser/predator. I regret signing the last form I signed that included adding the other women. I'm not privy to the charges and/allegations as I was with the 4 of us. I would like to know their charges and allegations as I was given the others 3 ladies.

I understand you all need the number to make the case better for the class action certification. It needs to have credible victims with morals and good conduct. I know of at least 3 of the women are known to have casual sex shop talk with male and females.

Are there any plans in the near future for us to sit down and discuss the strategy and the new people added to the case charges which somehow coincide with the original fiur of us.

Thanks in advance

Helen

No virus found in this message.
Checked by AVG - www.avg.com
Version: 2014.0.4800 / Virus Database: 4257/9366 - Release Date: 03/23/15
Internal Virus Database is out of date.

---

**Keith Hunt** <khunt@huntassoclaw.com>                                Wed, May 13, 2015 at 11:53 AM
To: Christie Van <arnice@me.com>, Brad Faber <bfaber@huntassoclaw.com>, Jean Culich
<jculich@huntassoclaw.com>
Cc: Terri Lewis-Bledsoe <terri1090@gmail.com>, Maria Price <pricelesssuccess@yahoo.com>,
"levmella@att.net" <levmella@att.net>, Helen Allen <wintresssssa@gmail.com>

Christie:

Please review my response to Helen which I sent earlier as well as our conversation yesterday.

Keith L. Hunt

Hunt & Associates, P.C.

3 First National Plaza

Suite 2100

Chicago, IL 60602

312-558-1300 office

312-558-9911 fax

khunt@huntassoclaw.com

This communication is intended only for the recepients identified.

This communication is from Hunt & Associates, P.C. and is intended to be confidential and privileged by
the attorney-client privilege and work-product rules. If you are not the intended recipient, please notify the
sender by reply Email and immediately delete it and any attachments without copying or further
transmitting the same. Any tax information or written tax advice contained herein (including any
attachments) is not intended to be and cannot be used by any taxpayer for the purpose of avoiding tax
penalties that may be imposed on the taxpayer. (The foregoing legend has been affixed pursuant to U.S.
Treasury Regulations governing tax practice.) The information contained in this transmission is attorney
privileged and/or confidential information intended for the use of the individual or entity named above.

If the reader of this message is not the intended recipient, you are hereby notified that any dissemination,
distribution or copying of this communication is strictly prohibited.

[Quoted text hidden]

[Quoted text hidden]
Version: 2014.0.4800 / Virus Database: 4311/9727 – Release Date: 05/08/15

---

**Christie Van <arnice@me.com>**                                    Wed, May 13, 2015 at 1:14 PM
To: Keith Hunt <khunt@huntassoclaw.com>
Cc: Brad Faber <bfaber@huntassoclaw.com>, Jean Culich <jculich@huntassoclaw.com>, Terri Lewis-Bledsoe
<terri1090@gmail.com>, Maria Price <pricelesssuccess@yahoo.com>, "levmella@att.net" <levmella@att.net>,
Helen Allen <wintressssa@gmail.com>

I seen your responds and as usual I still don't like what your law firm has done yesterday Keith.

**Sent from my iPhone**
[Quoted text hidden]

 Gmail                    # Exhibit D                    Helen Allen <wintressssa@gmail.com>

## Ford and Your Obkligations as a Class Representative
4 messages

**Keith Hunt** <khunt@huntassoclaw.com>                              Wed, Mar 14, 2018 at 10:16 AM
To: "Helen (wintressssa@gmail.com)" <wintressssa@gmail.com>

Helen:

Please do not discuss any other plaintiff with anyone.  Nor should you be discussing your
perception of the merits of their claims. This can cause serious problems class is an
absolute violation of obligations as a class representative as a representative of the
class, you are duty bound to act in the best interest of every other class member which
necessarily means that you cannot be badmouthing others or expressing your doubts or
personal views on the merits of their claims.

I am informed that you spoke with either Billy or Jeff Bacon and were expressing your
opinions about the merits of the claims of one or more plaintiffs. This must stop.

Please understand we are at a critical juncture in the class certification process and we
cannot afford any conflicts among class members.

Keith L. Hunt

Hunt & Associates, P.C.

55 West Monroe

Suite 3600

Chicago, IL 60603

312-558-1300 office

312-558-9911 fax

khunt@huntassoclaw.com

DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named

above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

---

**Helen Allen** <wintresssssa@gmail.com>
To: Keith Hunt <khunt@huntassoclaw.com>

Wed, Mar 14, 2018 at 12:15 PM

Can you please have Billy or Jeff confirm our conversations???

Sent from my iPhone
[Quoted text hidden]

---

**Helen Allen** <wintresssssa@gmail.com>
To: Keith Hunt <khunt@huntassoclaw.com>

Wed, Mar 14, 2018 at 5:31 PM

Keith

I have asked you several to remove me from your lawsuit.

Lane has assured me that my WC should be dealt with by the 20th of this month. If Ford has an offer for my job I expect Lane to bring the offer to me, as he is obligated to do. I see nothing beneficial for me to stay involved any longer as a potential Class Representative. What the Class represents and what I think the class should represent differs, so it becomes an uncomfortable situation for me. I don't agree with the shape in which this case a taken.

Yes , I signed the contract that grants you the right to do whatever you choose with the case without consulting or informing me prior. Paragraph 4 is a very clever aspect to the contract. Common folks like ME wouldn't expect for it to be ever implemented.

The problem I have, is with myself, for being that gullible and trusting. It shows the level of my naivety 2 –6-2014 compared to now.

Tell whomever that is reporting to you, that my conversation with Bill and or Jeff Bacon. Is just that my conversation. I didn't discuss the case nor did I share any depositions. Bill and or Jeff chose to discuss their friendships/relationships. I was listening not talking.

On Mar 14, 2018, at 11:16 AM, Keith Hunt <khunt@huntassoclaw.com> wrote:

[Quoted text hidden]

---

**Keith Hunt** <khunt@huntassoclaw.com>                                    Wed, Mar 14, 2018 at 6:55 PM
To: Helen Allen <wintresssssa@gmail.com>

I am not sure what your concern is about paragraph four we are bringing in more lawyers to help -- that
helps you -- I'm not pulling out of the case and I'm not passing it off to somebody else I am bringing in
additional guns to help us fight Ford -- and that all comes out of my pocket.Not yours. So I'm really not sure
what the concern is.

**Sent from my iPhone**
[Quoted text hidden]

**From: Helen Allen** wintressssa@gmail.com

# Exhibit E

Subject: **Re: Ford**
Date: **Feb 27, 2018 at 5:45:57 PM**
To: **Keith Hunt** khunt@huntassoclaw.com

**Who ALL have you been talking(questioned) too about your personal/ business affairs with lately?**

**When I sent the email about the Finance Committee appearance, I had no clue about your alleged personal/business issues. I wasn't stirring the pot intentionally it was just how I was feeling when I constructed the email and I felt the need to share. Please don't include in anymore emails with your other clients.**

**Co plaintiffs calls and relays what she claims to know which she felt the need to share after she read my email. We all have confidants I guess we all should pick and choose those more carefully.**

**1st client**

**Sent from my iPhone**

On Feb 26, 2018, at 7:47 PM, Keith Hunt <khunt@huntassoclaw.com> wrote:

Who called you?

-----Original Message-----
From: Helen Allen [mailto:wintressssa@gmail.com]
Sent: Monday, February 26, 2018 4:18 PM
To: Keith Hunt
Subject: Re: Ford

No I haven't

I'm wondering if this is the same informant who informed me about some personal issues that are on your plate..
Hmmmmm
Wonder how that works out...
Call me with some BS to see what I may know, then flips the script to implicate me...
Ok, I'm done with all this mess..

> On Feb 26, 2018, at 3:26 PM, Keith Hunt <khunt@huntassoclaw.com> wrote:

Have you?  I hear that you have. If you haven't then its not an issue.  But if you have then it is.

The bottom line is that we need to focus on Ford, not each other and not other plaintiffs.


-----Original Message-----
From: Helen Allen [mailto:wintressssa@gmail.com]
Sent: Monday, February 26, 2018 2:20 PM
To: Keith Hunt
Subject: Re: Ford

Keith

I need you to ask me who I have sent group emails pertaining to my co plaintiffs too, instead of accusing me of sending to people outside the group and your employees.

You and I seem to be at odds and I don't see it ever being resolved. In that regards I don't feel comfortable letting your firm handle my case. I won't share this is formation with any of your other clients but I am searching diligently and I have reached out to many.

Can you inform my employer that I am in search of new representation that can handle my case as I see fit.

1st Client signed from FORD...

Sent from my iPhone

On Feb 26, 2018, at 10:54 AM, Keith Hunt <khunt@huntassoclaw.com> wrote:

It has come to my attention that you have not only sent those emails to the entire group of plaintiffs but that you may have sent those emails to other people outside our group. Helen you cannot do this. You are endangering the entire case through reckless conduct. If FORD catches wind of the internal fights between plaintiffs they can use that to destroy your class and the court will deny certification. It addition, the attorney-client privilege belongs to each of the plaintiffs not just you. In other words, when there is a communication between our office and all the plaintiffs in a group email each one of you individually has a claim a privilege. While you can waive your own claim you cannot waive claims

held by other people. As such, as a practical matter you do not have the Authority to waive the attorney-client privilege which belongs to all of you collectively, not just you. So that you understand, the communications between our group are strictly privilege under the attorney-client privilege. When you choose to communicate with the entire group, each and every plaintiff has a separate and independent right to maintain those communications iad privileged. If you send those communications outside the group you affectively waive the privilege even though the other 30 plaintiffs have not agreed to do so. If you have a problem with me or my for then you should have professionalism and decency to take it up with me directly. There is no need to copy everyone else on these communications. And certainly you should not be disclosing his communications to anyone other than our Plaintiff's.

Sent from my iPhone

From: **Helen Allen** wintresssssa@gmail.com
Subject: **Re: Helen Allen**
Date: **Feb 5, 2018 at 7:56:13 PM**
To: **Keith Hunt** khunt@huntassoclaw.com

# Exhibit F

I figured that.
 Explain that to the ladies as though you talking to 4 year olds.  No disrespect towards US but we need to have a clear understanding of the process and all the harm that may come from filling out the forms.

You have co plaintiffs who are eager to fill out the forms and had me convinced that filling them out was the way to go now.

Sent from my iPhone

On Feb 5, 2018, at 7:00 PM, Keith Hunt <khunt@huntassoclaw.com> wrote:

I am concerned it will give them an argument that we admit the claims process is the better way to proceed

Sent from my iPhone

On Feb 5, 2018, at 5:17 PM, Helen Allen <wintresssssa@gmail.com> wrote:

I remember somewhat.
So even though the agreement was reached from our actual charges we shouldn't apply for these funds because it may cause the lawsuit to get dismantled.

It seems wrong that we not going to be included in this payout.

I will follow the guidance of my counsel in this claim conciliation agreement claim process.

Sent from my iPhone

On Feb 5, 2018, at 4:18 PM, Keith Hunt <khunt@huntassoclaw.com> wrote:

We are and we also told all of the Plaintiff's in the initial telephone conversation on the conference call

Sent from my iPhone

On Feb 5, 2018, at 2:21 PM, Helen Allen <wintresssssa@gmail.com> wrote:

Thanks
Please inform your other clients as well.

Sent from my iPhone

On Feb 5, 2018, at 2:20 PM, Keith Hunt <khunt@huntassoclaw.com> wrote:

Please see the explanation below – I don't know what the EEOC is saying but they are dead wrong – the agreement clearly provides that in order to except the award made through the claims process you must sign a release

Sent from my iPhone

Begin forwarded message:

**From:** Brad Faber <bfaber@huntassoclaw.com>
**Date:** February 5, 2018 at 11:54:52 AM CST

**To:** Keith Hunt <<u>khunt@huntassoclaw.com</u>>
**Subject: RE: Helen Allen**

Keith:

Paragraphs 2 and 48 address Release Forms. Para. 48 is the clause that says in order to get the money, an "Affected Employee" must sign a Release Form and Medicare Declaration within the Return Period.

For help understanding the language, there are effectively 3 groups discussed in the Conciliation Agreement:

　　　(1) "Charging Parties" who have pending EEOC Charges, and who appear on Exhibits A & B;

　　　(2) "Exhibit C Recipients" – persons who do not have to submit a Claims Form to qualify for a settlement award, and who are identified on Exhibit C; and

　　　(3) "Affected Employees" – persons who submit a Claims Form and demonstrate they should be awarded a settlement.

Par. 2. Each Charging Party listed on Exhibit A and Exhibit B will resolve their EEOC charge which was cross-filed with the Illinois Department of Human Rights upon the terms set forth herein and in Agreements and separate Releases entered into by Respondent and each Charging Party. In the Releases, each Charging Party will agree not to sue Respondent with respect to any claims in an EEOC charge that Charging Party has against Respondent prior to the effective date of the Agreement. EEOC agrees not to use any of the charges listed on Exhibit A or Exhibit B ("Charges") as the jurisdictional basis for filing a lawsuit against Respondent or to sue Respondent with respect to any claims in those charges listed on Exhibit A or Exhibit B or EEOC's investigation thereof. EEOC represents that the Charges listed solely on Exhibit A and Exhibit B represent all Charges of Covered Discrimination at the Chicago Assembly Plant ("CAP") or Chicago Stamping Plant ("CSP") as of the effective date of this Agreement that are being resolved through this Agreement. However, nothing in this Agreement shall be construed to preclude EEOC from bringing a suit, consistent with Paragraph 59, to enforce this Agreement in the event that Respondent fails to perform the promises and representations contained herein.

Par 48. Within thirty (30) days of the Claims Administrator's receipt of name(s), address(es), and final amount of monetary relief (adjusted pursuant to paragraph 39 if necessary) for the Affected Employee, Charging Parties (Exhibits A and B) and the Exhibit C Recipients: (a) a For Release Form ("Release Form") which indicates the amount of monetary relief the individual will receive from the Fund in exchange for executing the Release Form; and (b) a Medicare Declaration (Exhibit D). Affected Employees, Charging Parties (Exhibits A and B) and Exhibit C Recipients will have 60 days from the mailing date to return the Release Form and the Medicare Declaration to the Claims Administrator ("Return Period"). Respondent represents the the Release Form,

including the Releases referred to in Paragraph 2 above, shall not include provisions prohibiting re-application/re-employment or prohibiting the recipients from filing a charge or complaint of discrimination, speaking about their work environment, or participating in future EEOC proceedings. . . .

---

**From:** Keith Hunt
**Sent:** Monday, February 05, 2018 11:30 AM
**To:** Brad Faber
**Subject:** Fwd: Helen Allen

Am I wrong about this? If you accept the award don't you still need to sign an agreement and waive all your rates with Ford?

Sent from my iPhone

Begin forwarded message:

**From:** Michelle Alarcon <malarcon@huntassoclaw.com>
**Date:** February 5, 2018 at 10:38:52 AM CST
**To:** Keith Hunt <khunt@huntassoclaw.com>
**Subject: Helen Allen**

Concerning the claim forms. The EEOC is claiming if the Plaintiffs' take the EEOC settlement they can still take a settlement on the 14-cv-8708 case. Says she needs to talk to you to get some guidance. Sounds concerned and upset. Says it is very important that you speak with her today.

Phone: 513-571-3634

Michelle Alarcon
Paralegal
Hunt & Associates, P.C.
70 West Madison Street
Suite 2100
Chicago, Illinois 60602-4257
312-558-1300 - phone
312-558-9911 - fax
malarcon@huntassoclaw.com

From: **Keith Hunt** khunt@huntassoclaw.com
Subject: **RE: Access to public (open) court proceedings**
Date: **Mar 1, 2019 at 9:32:56 AM**
To: **Helen Allen** wintressssa@gmail.com, **aromanucci@rblaw.net**

# Exhibit G

Helen:

When we last spoke you agreed to remain until class certification is decided. The last brief is due March 13.

Please honor your agreement to remain on the case until class certification is decided. If you contact the Judge or leave the case now it will signal a conflict in the class or among the class members or class reps and will hurt the class and the other women. You promised me you would stay until then. Please honor that promise and uphold your fiduciary obligation to the other women. I do not understand why you insist on harming the class or other women.

Hold on a few more weeks and lets see where we end up please.


**Keith L. Hunt**
**Hunt & Associates, PC**
**55 West Monroe**
**Suite 3600**
**Chicago, IL 60603**
**312-558-1300 office**
**312-558-9911 facsimile**



-----Original Message-----
From: Helen Allen <wintressssa@gmail.com>
Sent: Friday, March 1, 2019 8:22 AM
To: aromanucci@rblaw.net; Keith Hunt <khunt@huntassoclaw.com>
Subject: Access to public (open) court proceedings

Keith
Anthony


I'm not sure why you are not willing to assist in allowing me to have access to
the court proceedings.
I have read the rules for both of the judges and none of their rules and
procedures prohibit me, the plaintiff, from being conferenced in. I contacted
the help desk and was told the process.

This is my second request. I don't understand why you are saying and doing
what you are doing. I was advised to contact the ADRC and lodge a formal
complaint against my counsel.

If I must drive to Chicago on Monday to be involved in the procedures
scheduled for the case. You need to be prepared to answer to my concerns
that I will bring before the judge. If the case is further delayed as it was the
last time I drove, I will stay in Chicago until I can approach Judge Dow.
I'm not sure how pleased he would be knowing that I have asked many times to
be off this case and released from your representation.

Also if my statutes of limitations have exhausted I need other eyes to see my
case file and to determine what was done and what possibly should have been
done. My release is critical for me, having any claims for my rights to be fully
enforced.     I filed in 2014 and you said we would be done in 2-3 years. Feb
made my time with you of 5 years and you have orchestrated everything about
this case without any input from me. I have not agreed to delays and was
appalled when the additional women were added to the original 4 in 2015.
 Also when the other counsel joined the team you didn't think enough of me
your first client to inform me. I informed you 3 weeks after the fact and
pushed you to inform the other ladies.
You have been very inconsiderate of the needs and feelings of many of my co

plaintiffs.  Yes, their are many others who want to leave with me because of this.

I plan on seeing you and the judge on Monday.  If court is delayed or postponed it will not deter my actions/intentions.  You asked for a few months, I have given you those few months.
What I'm reading it's going to be a few more months or years and I'm not willing to stay on board.

Helen Allen-Amos

From: **Helen Allen** wintresssssa@gmail.com
Subject: **Fwd: Shranda Campbell Salahuddin....fee's**
Date: **Aug 12, 2020 at 9:04:44 AM**
To: **Keith HUNT** khunt@huntassoclaw.com, **REBECCA MCMAHON**
rmcmahon@centralstatesfunds.org, **aromanucci@rblaw.net**

Rebecca

# Exhibit H

I sincerely apologize for sharing my alleged owed fee's with my co workers(co-plaintiff's) I was not aware that it was under seal or private. I rationalized that my waiting over a year for a itemized bill, shouldn't have been an issue since all the other women should have a bill that very much resembles my numbers. We were promised that all 31 shared the cost equally to minimize cost. Please accept my apology and if needed I will apologize to the courts and accept whatever punishment I have earned for this action.

Keith

I have no apology for you.
Shranda gave me permission to share her communication with you about what monies is owed to all the Ladies as of Feb 2019.

You assigned me as the protector or Mother Hen to the Ladies on the lawsuit. Since all your FORD clients came after me, I unwilling assumed that responsibility.
You made me feel guilty when I asked to leave the case on many occasions, always reminding me of how these ladies looked up to me and trusted me. So now that I have left you, the women still look to me for direction. Because of the TRUST that we collectively have established, we have bonds that you won't break. I am still the Mother Hen to your clients. I don't like this position that I am in. YOU gave me this position.

Do better by your remaining clients and they will remain under your control. If not they will be leaving soon as well.

Helen, Christie, Charmella, Maria, Terri and Michelle were the originators of Change. How many do you count on remaining out of this small group? 3 are gone and 2 are doing their paperwork to leave, 8-12-2020.

The way you treat your clients is obvious, you have an average of 2 women leaving you bi weekly. I have not asked or persuaded any of them to leave. Your behaviors gave them reasons to leave you. I have tried to persuades them to stay and for them to demand that you do right by them. Because I know that FORD may not offer me a PENNY. I am not in a financial need for FORD. All my monies come from other than FORD. So FORD can not harm me financially, your other clients need a paycheck from Ford. Ford has already got me accustomed to living on $2200. 00, thanks to their No Work Available.

I always made it be clear to you that MONEY was not the reason I hired you. I hired you for JUSTICE and you kept your focus on MONEY...and the idea that SEX SELLS...

Your 6 year missteps has caused harm and suffering to all the LADIES not just the courageous ones who have mustered the courage to leave. Your havoc/abuse has affected ALL of US in a negative way.

Shranda left you February 2019 owing roughly $70,000.00, I left 6 months later August 22,2019, my bill is $80,000.00. more.
I need an itemized BILL not a total, as I was permitted to see.
I need you to show the actual BREAKDOWN, so that I can have the opportunity to dispute what I deem necessary. From March to August you didn't do anything for me that would warrant and $80,000.00 difference in fee's.

The ladies have observed the interactions between you and I. I have been truthful and transparent, that is why we have established TRUST. Yes, they share with me all you inaccuracies.

Sincerely
YOUR FIRST CLIENT
Allen vs. Ford Motor 1:14cv08708

**Nov 3,2014**
**Remember that day...**
**I DO**

**Begin forwarded message:**

**From:** Shranda Campbell <shranda.campbell@gmail.com>
**Date:** March

9, 2020 at 1:36:04 PM EDT
**To:** Helen Allen <wintresssssa@gmail.com>
**Subject: Re: Shranda Campbell Salahuddin**

On Thu, Feb 21, 2019, 3:23 PM Keith Hunt <khunt@huntassoclaw.com>
wrote:
Chris:

Are you representing Ms Campbell? Below is the email I previously sent to
her which is self explanatory. We are asserting our statutory attorneys lien
as well as our common law retaining lien.

Please confirm your representation and discuss the implications with Ms
Campbell if you are in fact representing her. If you are not, please advise of
that as well.

Keith L. Hunt
Hunt & Associates, PC
55 West Monroe
Suite 3600
Chicago, IL 60603
312-558-1300 office
312-558-9911 facsimile


-----Original Message-----
From: Shranda Campbell <shranda.campbell@gmail.com>
Sent: Monday, February 18, 2019 1:29 PM
To: Keith Hunt <khunt@huntassoclaw.com>
Cc: ctc@talonlaw.com; Christopher Cooper <cooperlaw3234@gmail.com>
Subject: Fwd: New Lawyers

---------- Forwarded message ---------
From: Shranda Campbell <shranda.campbell@gmail.com>
Date: Mon, Feb 18, 2019 at 11:27 AM
Subject: Re: New Lawyers
To: Keith Hunt <khunt@huntassoclaw.com>


keith I already told you that you are fired. You need to release my files. This is
not the first time for me asking you to be released from you are stilling
working on my case.must I say this to you again you are fired.

On Mon, Feb 18, 2019 at 7:10 AM Keith Hunt <khunt@huntassoclaw.com>
wrote:
>
> Shranda:

> SOURCE OF INCOME
>
> 2011
>
> 2012
>
> 2013
>
> 2014
>
> 2015
>
> Ford W-2
>
> $102,376.00
>
> $96,185.00
>
> $71,206.00
>
> $74,652.00
>
> $85,611.00
>
> Ford UAW Sub W-2
>
> $491.00
>
> $332.00
>
> $44.00
>

> Michigan Employment Security
>
> $362.00
>
> State Street Retiree Services for Ford
>
> $1,093.00
>
> $1,158.00
>
> $2,858.00
>
> $1,354.00
>
> Advance Financial FCU
>
> $150.00
>
> $50.00
>
> $700.00
>
> Horseshoe Casino
>
> $1,250.00
>
> TOTAL
>
> $104,322.00
>
> $97,493.00
>

> $74,446.00
>
> $76,646.00
>
> $86,965.00
>
>
>
>
>
> You also need to remember that you could get a new hearing and then lose the arbitration in which case you get no back pay through the arbitration case. When we suggested that if we could get $100,000 to 150,000 in settlement of that case only (leaving your sex harassment case intact), you did not like that  suggestion. You need to understand that no defendant pays 100% of damages to settle a case as we discussed.
>
>
>
> I tried to explain that Ford may also want a global resolution of both cases – in which case we would demand more to compensate you for the sex harassment case.  However, as we explained, Title VII has damage caps of $300,000 for your size employer which apply to compensatory and punitive damages and are in addition to your lost wages.  Therefore, you can see that there is no available scenario that would yield you $2 million dollars.
>
>
>
> If you choose to pursue new counsel, then you need to keep the following in mind.  As we previously informed you, our firm has a statutory attorneys' lien as well as a common law retaining lien regarding your files.  Since you are terminating our services without any cause, you are responsible for

reimbursing our firm for the time we spent.
>
>
>
> At present, your share of the fees and expenses on the class case is $69,794.71 for our firm only. There are 31 named plaintiffs so your share -- 1/31st -- of the total fees and expenses to date is $69,794.71. ( I will contact Tony to get his firm's fees as well. For your individual case appealing the arbitration, your fees and expenses to date total $92, 648.35. These amounts must be paid in full prior to any files being released from our firm. As you may know there are more than 180,000 documents in the class case alone.
>
>
>
> As an aside, we have not received any contact from your alleged new lawyers and they filed a motion yesterday to leave the class case. The only call we received was a call from you to Angela when you were clearly intoxicated (and this is one of many such calls we received from you over the years).
>
>
>
> Please keep in mind, that if you choose to go elsewhere we have a statutory lien for these amounts against any recovery you make. This means that the above amounts would have to be paid out of any settlement or judgment before either you or your lawyers would see any money. These amounts would be in addition to any fees and expenses you owe any other firm.
>
>
>

> Please lets us know in writing how you would like to proceed. If you choose
to remain with our firm, then I have to insist that you keep all future
interactions and communications with our firm civil. There is simply no
reason for you to be abusive to either me or anyone else in our firm.
>
>
>
>
>
> Keith L.Hunt
>
> Hunt & Associates P.C.
>
> 55 West Monroe
>
> Suite 3600
>
> Chicago, IL 60603
>
> 312-558-1300 office
>
> 312-558-9911 fax
>
>
>
> E-MAIL CONFIDENTIALITY NOTICE: This electronic mail message,
including
> any attachments, is for the intended recipient(s) only. This e-mail
> and any attachments might contain information that is confidential,
> legally privileged or otherwise protected or exempt from disclosure
> under applicable law. If you are not a named recipient, or if you are
> named but believe that you received this e-mail in error, please

> notify the sender immediately by telephone or return e-mail and
> promptly delete this e-mail and any attachments and copies thereof
> from your system.  If you are not the intended recipient, please be
> aware that any copying, distribution, dissemination, disclosure or
> other use of this e-mail and any attachments is unauthorized and
> prohibited.  Your receipt of this message is not intended to waive any
> applicable privilege or claim of confidentiality, and any prohibited
> or unauthorized disclosure is not binding on the sender.  Thank you
> for your cooperation
>
>
>
>
>
>
>
>
>
> -----Original Message-----
> From: Shranda Campbell [mailto:shranda.campbell@gmail.com]
> Sent: Tuesday, February 12, 2019 5:32 PM
> To: Keith Hunt; Brad Faber
> Cc: ctc@talonlaw.com
> Subject: New Lawyers
>
>
>
> Goodafternoon this is Shranda Salahuddin.Keith I have found some new
>
> lawyers to take on my cases.So I don't need your services anymore.My
>
> new lawyers names are Chrisopter Cooper and Cass Casper.I have there

>
> phone numbers if you need to speak with them Attoreny COOPER number is
>
> 312-371-6752. Attorney CASPER number is 312-351-2478.This has been a
>
> long time coming. Please send all my files to my new lawyers.
>
>
>
>                           Thank,you very much.SHRANDA
>
> SALAHUDDIN

11:40

# Re: Recall: Van v. Ford - link to Dropbox 

 **Christie Van**  Jul 26, 2017
to Nina, me, Jacqueline, L... ⌄

Horrible  take me off the email list period. I don't want nothing to do with the case no more thank you.

Sent from my iPhone

> On Jul 26, 2017, at 8:31 AM, Nina Hoover <nhoover@huntassoclaw.com> wrote:
>
> Nina Hoover would like to recall the message, "Van v. Ford - link to Dropbox ".

← Reply    ← Reply all    → Forward