BC

FILED
3/6/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

GMC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

HELEN ALLEN,
Plaintiff,

v.

KEITH HUNT,
Defendant.

Case No. 1:25-cv-02275
Honorable John J. Tharp, Jr.
Honorable Heather K. McShain

---

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY**

Plaintiff Helen Allen respectfully opposes Defendant's Motion to Stay Discovery (Dkt. 84).

---

INTRODUCTION:

Defendant seeks to halt all discovery while his Motion to Dismiss ("MTD") remains pending. The MTD has been fully briefed since July 17, 2025.

The Motion to Dismiss has been pending for more than seven months, and discovery is currently scheduled to close on March 31, 2026. A stay at this stage would effectively suspend discovery during the final weeks of the discovery period.

On February 26, 2026, the Court noted that Defendant's motion to stay did not include the required Rule 37.2 certification but entered the motion and set a briefing schedule. (Dkt. 85.)

A stay is not warranted. Defendant has not met his burden to demonstrate that discovery should be halted, particularly where:

1. The MTD raises fact-dependent issues;
2. Discovery disputes are already pending before the Court via Plaintiff's Motion to Compel;
3. A confidentiality order has already been entered to address any asserted sensitivity concerns; and
4. No meaningful document production has occurred despite prior representations.

Discovery should proceed.

LEGAL STANDARD:

A stay of discovery pending resolution of a motion to dismiss is discretionary but disfavored. Courts in this District consider:

1. Whether the dispositive motion presents a threshold issue likely to dispose of the case;
2. Whether a stay would simplify the issues; and
3. Whether a stay would reduce the burden of litigation.

See, e.g., Sterigenics U.S., LLC v. Sotera Health Co., 2020 WL 5645683 (N.D. Ill. Sept. 22, 2020).

The party seeking the stay bears the burden of showing good cause and specific hardship. General assertions of burden are insufficient.

ARGUMENT:

I. The Motion to Dismiss Does Not Present a Purely Threshold Issue.

Defendant's MTD raises statute-of-limitations and causation arguments.

Both issues are fact dependent.

The statute-of-limitations argument depends on when Plaintiff knew or reasonably should have known of her injury, and whether tolling doctrines apply. That inquiry turns on factual development, including post-termination communications and conduct.

Similarly, proximate cause in a legal malpractice case involving subsequent counsel is rarely resolved without factual record development.

Because the MTD does not raise jurisdiction, immunity, or another purely legal threshold issue, this factor weighs against a stay.

II. Discovery Has Not Meaningfully Occurred.

Defendant asserts that he has produced "over 10,000 pages," but those materials consist primarily of Plaintiff's existing client file that was already available to Plaintiff.

Plaintiff has not received substantive document production responsive to her Requests for Production concerning:

- Post-termination communications.
- Communications with opposing counsel.

- Communications with successor counsel.
- Internal analysis regarding Plaintiff's case.

The Court previously entered a confidentiality order. (Dkt. 66.) The Court's earlier denial of Plaintiff's motion to compel was based on Defendant's representation that production would occur after entry of that order.

Production has not occurred.

A stay at this stage would effectively reward non-production and indefinitely postpone resolution of the pending discovery dispute.

III. The Pending Motion to Compel Is the Proper Vehicle for Resolving the Dispute.

In its February 26 minute entry, the Court observed that the parties' differing positions regarding discovery "will be more fully addressed through the briefing related to the pending motion to compel." (Dkt. 85.)

That observation is significant.

The discovery issues are already squarely before the Court via Plaintiff's Motion to Compel. Staying discovery now would sidestep resolution of those issues rather than streamline them.

The more orderly course is to resolve the Motion to Compel and clarify the scope of production. Courts in this District routinely deny stay motions where discovery disputes are already pending and require judicial resolution.

Resolving the Motion to Compel will clarify the scope of discovery and allow the case to proceed in an orderly manner.

IV. Defendant Has Not Demonstrated Specific Burden.

Defendant asserts that discovery is burdensome but does not identify:

- The volume of documents remaining,
- The cost of production,
- Any privilege review complications, or
- Any concrete hardship.

The Court has already entered a confidentiality order to address sensitive information.

Without specific evidence of hardship, generalized assertions of burden do not establish the good cause required to halt discovery.

V. A Stay Would Prejudice Plaintiff.

This case concerns events occurring years ago. Continued delay also prolongs the resolution of the pending Motion to Compel addressing Defendant's refusal to produce responsive materials.

Further delay increases the risk of:

- Fading witness memory,
- Unavailability of third parties,
- Continued withholding of relevant communications.

Discovery is necessary to preserve evidence and develop the record.

VI. The Motion Was Filed Without Rule 37.2 Certification

The Court noted that Defendant's motion did not include the separate Rule 37.2 certification required by local rule and standing order.

While the Court exercised discretion to enter the motion, the absence of certification underscores that Defendant did not complete required meet-and-confer procedures prior to seeking the extraordinary remedy of a stay.

This procedural posture weighs against granting the requested relief.

CONCLUSION:

Defendant has not shown good cause to halt discovery.

The Motion to Dismiss raises fact-dependent issues. Discovery has not meaningfully proceeded. The Motion to Compel is already pending and provides the appropriate framework for resolving disputes. No specific hardship has been demonstrated.

For these reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Stay Discovery.

Dated: March 9, 2026

Respectfully submitted,

/s/ Helen Allen
Helen Allen
Plaintiff, Pro Se

CERTIFICATE OF SERVICE

I, Helen Allen, certify that on March 9, 2026, I electronically filed the foregoing Plaintiff's Opposition to Defendant's Motion to Stay Discovery with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: March 9, 2026

/s/ Helen Allen
Helen Allen
Plaintiff, Pro Se
9530 Pineview Road
Suffolk, VA 23437
(202) 270-2338
wintresssssa@gmail.com

AI ASSISTANCE DISCLOSURE STATEMENT

Plaintiff states that she utilized an artificial intelligence–based research and drafting tool to assist in organizing arguments and refining language in this filing. Plaintiff independently reviewed, edited, and verified the contents for accuracy and compliance with the Federal Rules of Civil Procedure and the Local Rules of the Northern District of Illinois. Plaintiff remains solely responsible for the substance of this filing.