**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Helen Allen, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 25-cv-02275 |
| | ) | |
| Keith Hunt, | ) | Judge John J. Tharp, Jr. |
| | ) | |
| Defendant. | ) | |
| | ) | |

**<u>ORDER</u>**

The defendant's motion to dismiss [18] and for this Court to take judicial notice [89] are granted, for the reasons explained in the Statement below. The plaintiff may amend her complaint by May 1, 2026. The motion for sanctions [87] is denied, but the plaintiff is warned that any further false citations may result in this Court exercising its inherent authority to dismiss this case.

**<u>STATEMENT</u>**

**I. Background**

The plaintiff, Helen Allen, hired the defendant, Keith Hunt, to represent her in a suit against Ford Motor Company ("Ford") for discrimination and related claims arising from Allen's employment at Ford. Compl. 2 ¶ 5, ECF No. 1; Complaint, *Van v. Ford Motor Co.*, No. 14-cv-08708 (N.D. Ill. Nov. 3, 2014), ECF No. 5.[1] Allen was not the only plaintiff; Hunt brought the suit on behalf of her and three other named plaintiffs in November of 2014. *Id.* Hunt also sought class certification for the action. Compl. 2 ¶¶ 9–10; Mot. Class Certification, *Van*, No. No. 14-cv-08708, ECF No. 182.

In early 2018, the EEOC offered a settlement to the plaintiffs that would require them to release their claims against Ford. Pl.'s Ex. F, at 3–4, ECF No. 1. Hunt explained to Allen that accepting the EEOC settlement would jeopardize their suit. *Id.* Apparently, Allen did not take the settlement, because the suit proceeded. By March of 2018, Allen had decided that she was unhappy with Hunt's representation and sought to be removed from the litigation. Pl.'s Ex. A, at 2, ECF No. 1. Hunt asked her to stay, however, and she agreed to remain until the class certification motion was decided. Pl.'s Ex. B, at 1, ECF No. 1. Class certification, however, was denied twice. Mem. Op., *Van*, No. No. 14-cv-08708, ECF No. 306; Mem. Op., *Van*, No. No. 14-cv-08708, ECF No.

---

[1] The Court takes judicial notice of facts contained in the public record. *Johnson v. Piontek*, 799 Fed. App'x 418, 419 (7th Cir. 2020) ("We can take judicial notice of public court records.").

418. Allen participated in settlement talks, but those were ultimately unsuccessful and her claims were severed. Order, *Van*, No. 14-cv-08708, ECF No. 585.

After severance, Allen filed a new complaint pro se. Complaint, *Allen v. Ford Motor Co.*, No. 21-cv-00962 (N.D. Ill. Feb. 9, 2021), ECF No. 1. She subsequently retained counsel (not Hunt), but that attorney withdrew and Allen continued to litigate her claim pro se. Ford moved for summary judgment in February of 2023. In responding to that motion, Allen failed to comply with Local Rule 56.1.[2] Judge Rowland therefore deemed Ford's statement of material facts admitted and granted summary judgment for Ford. Order 1–2, *Allen*, No. 21-cv-00962, ECF No. 116.

After losing her claim, Allen brought this action against Hunt (she also filed a suit against the attorney who assisted her in her solo case). Allen seeks to recover for alleged negligence, breach of fiduciary duty, violations of the Illinois Consumer Fraud Act ("ICFA"), fraudulent concealment, and negligent infliction of emotional distress. Hunt filed a motion to dismiss the complaint, which is now before this Court.[3]

## II.    Motion to Dismiss

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts the pleaded facts as true and draws all reasonable inferences in Allen's favor. *Kilborn v. Amiridis*, 131 F.4th 550, 554 (7th Cir. 2025). The Court does not, however, accept legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Viewed in this light, a complaint must state a facially plausible claim to relief to overcome the motion to dismiss. *Id.*

### a.    Malpractice

The Court begins with Allen's malpractice theory. "To prevail on a legal malpractice claim, the plaintiff client must plead and prove that the defendant attorney[] owed the client a duty of due care arising from the attorney-client relationship, that the defendant[] breached that duty, and that as a proximate result, the client suffered injury." *N. Ill. Emergency Physicians v. Landau, Omahana & Kopka, Ltd.*, 837 N.E.2d 99, 106 (Ill. 2005). In other words, showing breach is not enough; a plaintiff must demonstrate that the attorney's negligence proximately harmed her. *Id.* at 107. "No injury exists, and therefore no actionable claim arises, unless and until the attorney's negligence results in the loss of the underlying cause of action." *Suburban Real Est. Servs., Inc. v. Carlson*, 193 N.E.3d 1187, 1192 (Ill. 2022).

---

[2] For context, the Northern District of Illinois's Local Rules ("LR") require a summary judgment movant to file a statement of material facts, directing the court to the relevant facts found throughout the discovery process. LR 56.1(a)(2). In response, the nonmovant must admit or dispute each of the facts the movant has put forth. LR 56.1(e)(2). If the nonmovant wants to designate facts showing a genuine issue that the movant has not yet designated, he should file a statement of additional material facts. LR 56.1(b)(3). Undisputed facts may be deemed admitted. LR 56.1(e)(3); *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 633 (7th Cir. 2005).

[3] Jurisdiction is founded on 28 U.S.C. § 1332. Allen is a citizen of Virginia; Hunt is a citizen of Illinois. Allen alleges that damages exceed the requisite amount in controversy. Compl. 1 ¶ 3.

Allen alleges that Hunt breached his duty of care by ignoring her request to be removed from the class action and by failing to withdraw as her attorney when she asked him to, causing Allen to suffer damages of over $75,000. Compl. 3 ¶¶ 18–22. The fundamental issue with Allen's claim, however, is that Hunt had nothing to do with Allen's claim after she withdrew from the putative class action. Allen pursued that claim on her own (with assistance of another attorney for a period of time) and cannot blame Hunt for losing her underlying cause of action against Ford. It was Allen who asked Hunt to withdraw, Allen who chose to litigate her claim separately, and Allen who failed to submit a Rule 56.1 statement. Judge Kendall presided over Allen's suit against the attorney that represented her in her solo action, and opined that "[t]he fault lies with Allen alone. . . . Allen cannot plausibly or credibly claim that [her attorney] was the but for cause for Allen violating Local Rule 56.1 when Allen made such egregious errors on summary judgment." *Allen v. Casper & Disparti Law Grp.*, No. 25-cv-10438, 2026 WL 674309, at *4–5 (N.D. Ill. Mar. 10, 2026). So too here. Without any facts to support a plausible inference that Hunt's alleged negligence resulted in Allen losing her case, Allen's malpractice claim cannot proceed.

### b.  Breach of Fiduciary Duty

Allen's next theory, breach of fiduciary duty, requires that she show Hunt owed her a fiduciary duty and breached that duty, proximately causing her harm. *Neade v. Portes*, 739 N.E.2d 496, 502 (Ill. 2000). "A proximate cause is one that produces an injury through a natural and continuous sequence of events unbroken by any effective intervening cause." *Chalhoub v. Dixon*, 788 N.E.2d 164, 168 (Ill. 2003).

The fiduciary duty requirement is satisfied as a matter of law, because the attorney-client relationship is a fiduciary one. *In re Winthrop*, 848 N.E.2d 961, 972 (Ill. 2006). Allen claims that Hunt breached his fiduciary duty to her by "fail[ing] to proffer an option to sign up for the conciliation process," and by advising her not to fill out a Conciliation Claim form. Compl. 4 ¶¶ 26–28. In this portion of her complaint, Allen points to the attached Exhibit F, which is a copy of an email exchange between Hunt and her. The email exchange refers to the EEOC settlement offered to Allen, which Hunt advised her not to take because it would require her to release her claims against Ford. Ex. F, ECF No. 1.

Interpreting Allen's complaint in the light most favorable to her, she alleges that Hunt wrongfully advised against accepting the EEOC settlement, which harmed her because she was unable to recover anything for her claims. But Allen was unable to ultimately recover due to her own actions in litigating her claim, most notably failing to submit a Rule 56.1 statement. Hunt advised Allen not to take the EEOC settlement in anticipation that he would be the one to litigate her claim in court. Allen's choices to litigate the claim on her own and, in so doing, failing to comply with Rule 56.1 were not part of the "natural and continuous sequence of events" produced by Hunt's advice to decline the EEOC settlement. Therefore, Allen has not pled facts that plausibly establish causation.

### c.  Illinois Consumer Fraud Act

Allen alleges that Hunt violated the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") by refusing to furnish an itemized bill for the services Hunt provided. Compl. 4 ¶ 32. The ICFA makes unlawful "[u]nfair methods of competition and unfair or deceptive

3

acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact." 815 Ill. Comp. Stat. § 505/2 (West 2026).

Allen's ICFA claim is barred as a matter of law. The ICFA does not apply to attorney-client relationships, and the Illinois Supreme Court has specifically held that "[a]n attorney's billing of a client for legal services is a part of the attorney's representation of the client and is therefore exempt from the Act." *Cripe v. Leiter*, 703 N.E.2d 100, 107 (Ill. 1998). As such, Allen cannot state a claim against Hunt for violations of the ICFA arising from Hunt's billing practices.

### d. Fraudulent Concealment

Allen claims that three of Hunt's actions constituted fraudulent concealment: refusing to provide an itemized bill, neglecting to tell her of her opt-out rights in the class action, and not disclosing the fact that other plaintiffs still needed to go through the EEOC administrative exhaustion process. A claim for fraudulent concealment consists of the following elements:

> (1) the defendant concealed a material fact under circumstances that created a duty to speak; (2) the defendant intended to induce a false belief; (3) the plaintiff could not have discovered the truth through reasonable inquiry or inspection, or was prevented from making a reasonable inquiry or inspection, and justifiably relied upon the defendant's silence as a representation that the fact did not exist; (4) the concealed information was such that the plaintiff would have acted differently had he or she been aware of it; and (5) the plaintiff's reliance resulted in damages.

*Bauer v. Giannis*, 834 N.E.2d 952, 957–58 (Ill. 2005).

Hunt argues that he owed no duty to disclose itemized billing information or co-plaintiffs' status to Allen. Mot. Dismiss 11–12, ECF No. 18. "[I]f plaintiff and defendant are in a fiduciary or confidential relationship, then defendant is under a duty to disclose all material facts." *Connick v. Suzuki Motor Co.*, 675 N.E.2d 584, 593 (Ill. 1996). The attorney-client relationship is a fiduciary one. *DeLuna v. Burciaga*, 857 N.E.2d 229, 243 (Ill. 2006). "[A] misrepresentation is 'material' if the plaintiff would have acted differently had he been aware of it, or if it concerned the type of information upon which he would be expected to rely when making his decision to act." *Miller v. William Chevrolet/GEO, Inc.*, 762 N.E.2d 1, 7 (Ill. App. Ct. 2001). Allen does not allege any facts suggesting that she (or any person) would have relied on an itemized bill to make some decision to act. In fact, Allen does not even indicate that she asked for any sort of bill ***before*** making the decision to fire Hunt. As a matter of law, Allen cannot show that Hunt withheld material facts by failing to provide an itemized bill.

Allen's fraudulent concealment claims fail for other reasons as well. Starting with the billing, Allen does not allege that she actually paid the non-itemized bill, meaning that she has not pled that she relied on the alleged concealment or suffered any damages from it. As for failing to notify Allen of her opt-out rights, Hunt points out that the class was never certified and so there were no opt-out rights of which to notify her. *Van v. Ford Motor Co.*, 332 F.R.D. 249, 259 (N.D. Ill. 2019). Finally, with respect to Hunt's alleged concealment of the fact that Allen's co-plaintiffs

still needed to go through the EEOC process, Allen claims this caused her "significant financial and legal harm" because she had to wait for them to exhaust. Compl. 6 ¶¶ 45–48. But that is a legal conclusion this Court does not accept as true. To the extent that Allen is alleging that she would have left the lawsuit earlier if she had known, her claim fails as a matter of law because she cannot demonstrate damages—as discussed above, she lost her claim on the merits when she litigated it on her own.

### e. Breach of Confidentiality and Negligent Infliction of Emotional Distress

Allen claims that Hunt wrongfully disclosed her medical records to her co-plaintiffs, causing her "emotional distress and mental anguish." Compl. 6 ¶ 50–52. She puts forth three theories of relief: first, a violation of the Illinois Personal Information Protection Act ("PIPA"), second, breach of confidentiality, and finally, negligent infliction of emotional distress. The PIPA, however, does not provide a cause of action. While the PIPA does state that a violation "constitutes an unlawful practice under" the ICFA, the ICFA does not apply to attorney-client relationships, as discussed above. 815 Ill. Comp. Stat. § 530/20 (West 2026).

Breach of attorney-client confidentiality is also not a cause of action; however, breach of that confidentiality can be cognizable as a breach of fiduciary duty claim. *See, e.g.*, *Daily v. Greensfelder, Hemker & Gale, P.C.*, 98 N.E.3d 604, 609–10 (Ill. 2018). But a breach of fiduciary duty theory fails, as does a negligent infliction of emotional distress theory, for the same reason: no breach of duty is alleged. Hunt releasing Allen's medical records to her fellow plaintiffs could not have violated his fiduciary duty, nor could it have been negligent, because Hunt was permitted to disclose relevant information to other plaintiffs in the same action. [4] Ill. Rules of Pro. Conduct r. 1.7 cmt. 30 ("With regard to the attorney-client privilege, the prevailing rule is that, as between commonly represented clients, the privilege generally does not attach."). Indeed, Hunt was **required** to disclose Allen's medical records if they were material. *See* Ill. Rules of Pro. Conduct r. 1.7 cmt. 31 ("[T]he lawyer has an equal duty of loyalty to each client, and each client has the right to be informed of anything bearing on the representation that might affect that client's interests and the right to expect that the lawyer will use that information to that client's benefit."). If Allen did not want her information disclosed to her co-plaintiffs, she should not have agreed to common representation.

### f. Statute of Limitations

Hunt argues that in the alternative, all of Allen's claims are barred by the statute of limitations, which in Illinois is two years for claims arising from attorney-client relationships. Mot. Dismiss 14–15. The two-year limitations clock starts running only when "the person bringing the action knew or reasonably should have known of the injury for which damages are sought." 735

---

[4] Nor, for that matter, were the medical records privileged attorney-client communications, because they were not made for the purpose of seeking legal advice. *See United States v. Evans*, 113 F.3d. 1457, 1461 (7th Cir. 1997) ("[The privilege applies] (1) [w]here legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived." (citation removed)).

Ill. Comp. Stat. 5/13-214.3(b) (West 2026). The statute of limitations is an affirmative defense. Fed. R. Civ. P. 8(c)(1). On a motion to dismiss posture, that means the complaint itself must contain "everything necessary to satisfy the affirmative defense." *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613–14 (7th Cir. 2014).

Allen's complaint does not make clear that her claims are time-barred. For the claims seeking compensation for the loss of her underlying claim, Allen argues that she did not know of that injury until summary judgment was entered against her in 2023. Resp. 3, ECF No. 23. While Hunt responds that her injury was "plainly obvious" prior to summary judgment, making the clock start earlier, that is a fact question that the Court does not resolve at this stage.[5] For her other claims, in which Allen seeks damages for emotional distress and billing violations, Allen's complaint does not clearly state when she learned of those injuries.

Hunt may re-raise his statute of limitations argument in a motion for summary judgment, if this action progresses to that stage. But a motion to dismiss can only be granted on a statute of limitations argument if the plaintiff's own complaint makes evident that her claim falls outside of the prescribed time period. Allen's complaint does not do that.

### III.    Motion for Sanctions

Hunt asks this Court to impose sanctions on Allen for submitting a brief citing a fabricated case. In her response to Hunt's motion to stay, Allen included a citation to "*Sterigenics U.S., LLC v. Sotera Health Co.*, 2020 WL 5645683 (N.D. Ill. Sep. 22, 2020)." No such case exists. Allen admits as much; she filed a notice of correction admitting that the citation was fabricated, withdrawing reliance on it, and apologizing to the Court. Pl.'s Notice of Correction 1–2, ECF No. 88.

As Hunt points out, this is not the first time Allen has submitted false citations to this Court. Magistrate Judge McShain noted such citations in her January 21, 2026 order, and stated that "each party must include an affidavit or declaration along with any filing in this case that was written or drafted using generative AI tools certifying that the filing party has verified the correctness and accuracy of the factual information and legal citations present in the filing." Min. Entry, ECF No. 76. In the response to Hunt's motion to stay—the filing containing the most recent false citation—Allen did include such a declaration, affirming that she had "independently reviewed, edited, and verified the contents for accuracy and compliance with the Federal Rules of Civil Procedure and the Local Rules of the Northern District of Illinois." Pl.'s Opp'n 7, ECF No. 86. In addition, Allen was recently sanctioned by another judge in this district for submitting false citations. Judge Kendall imposed a $1,500 sanction on Allen on March 10, 2026 for violating Rule 11 by "[f]iling a document that contains citations to nonexistent cases, quotes language that comes from no real

---

[5] This is especially true because Allen's failure to comply with Rule 56.1, and the district court's consequent acceptance of Ford's material facts, muddy the waters as to when the injury would have become obvious.

case, or that contains arguments wholly unsupported by the record." *Allen*, No. 25 C 10438, 2026 WL 674309, at *10.[6]

The Court notes Allen's history of submitting false citations, and warns her that any further such incidents may result in this Court exercising its inherent authority to dismiss the case. For now, however, the Court declines to impose sanctions. Allen acknowledged her mistake and submitted a declaration notifying the Court. All of this, moreover, took place before Judge Kendall imposed sanctions on Allen in a different case. But Allen must take greater care to comply with Rule 11, or risk dismissal and further sanctions.

\*       \*       \*

For the reasons explained above, Hunt's motion to dismiss is granted without prejudice. Plaintiff may amend if she believes she can cure the deficiencies with respect to her claims. Any amendment is due May 1, 2026.

Date: April 13, 2026

John J. Tharp, Jr.
United States District Judge

---

[6] Again, the Court takes judicial notice of this information, which is in the public record. As such, it grants Hunt's motion for judicial notice [89].

7